United States District Court
Southern District of Texas
ENTERED
August 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **YONHDER JOSE REBOLLEDO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00929** |
| | § | |
| **WARDEN D.C COLE/ ICE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Yonhder Jose Rebolledo ("Petitioner"). (Dkt. 1.)

Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) arguing that his detention violates his rights and that the conditions of the detention facility are unlawful. The Court ordered Respondents to file a response to the habeas petition on or before May 26, 2026. Respondents filed a timely Response to Petitioner's Writ of Habeas Corpus and Motion to Dismiss, (Dkt. 8), arguing that Petitioner's detention was lawful because, at the time of filing, Petitioner was detained pursuant to 8 U.S.C. § 1226(a) as a noncitizen who has entered the United States as a nonimmigrant visitor. (Dkt. 8). Respondents explained that Petitioner was encountered in April of 2026, detained by Border Patrol at a checkpoint, given a bond hearing, and denied bond as a flight risk. (*Id.* at 2.) Subsequently, on July 6, 2026, Respondents submitted an advisory, (Dkt. 10), in compliance with the Court's Order, informing that Court that Petitioner was ordered removed on May 28, 2026, failed to file an appeal with the Board of Immigration Appeals, his removal order became final,

and ICE Enforcement and Removal Operations (ERO) planned to remove Petitioner from the United States. (Dkt. 10.) On August 5, 2026 Respondents filed a Motion for Leave and attached a status report confirming that Petitioner was removed from the United States on August 2, 2026 pursuant to a final order of removal and thus, is no longer in ICE custody. (*See* Dkt. 12, Attach. 2.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on August 2, 2026, pursuant to a removal order. (Dkt. 12, Attach. 2.) Because Petitioner only challenged his ongoing detention, the petition for writ of habeas corpus is moot because he has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot. Additionally, Respondents, Motion for Leave to Advisory, (Dkt. 12), is **GRANTED**. The Clerk of Court is **DIRECTED** to docket Attachment No. 2 of Docket No. 12 into the record.

The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

**IT IS SO ORDERED.**

SIGNED this August 6, 2026.

Diana Saldaña
United States District Judge